**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

ANDRE HAMILTON,

    Petitioner,                                      Civil No. 05-CV-71035-DT

v.

TIMOTHY LUOMA,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR CERTIFICATE OF APPEALABILITY**

On August 31, 2006, the court issued an opinion and order denying Petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Pending before the court is Petitioner's motion for a certificate of appealability, which was filed on September 21, 2006. For the reasons stated below, the motion for a certificate of appealability will be denied.

**I.  Standard of Review**

28 U.S.C. § 2253(c)(1)(A) and Federal Rule of Appellate Procedure 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. Fed. R. App. P. 22(b). A district court is

to set forth in its order all of the issues that the petitioner raised in the habeas action and identify those issues, if any, that the district court is certifying for appeal. *In Re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*

## II.  DISCUSSION

### A.  Ineffective Assistance of Counsel

Petitioner first alleges that his trial counsel was ineffective for failing to call James Lloyd as a witness to bolster Petitioner's defense that he shot the victim to defend Lloyd from being attacked by the victim and his friends. (Pet.'s Mot. at 1-2.) To justify the issuance of a certificate of appealability, a Petitioner's ineffective assistance of counsel claim must make a substantial showing of the denial of a constitutional right. *See Skaggs v. Parker*, 235 F. 3d 261, 266 (6th Cir. 2000). For the reasons stated by the court in much greater detail in the order denying the petition for writ of habeas corpus, Petitioner has failed to make a substantial showing that he was denied the effective assistance of counsel. (8/31/06 Order at 4-6.) A certificate of appealability shall not

2

issue for his ineffective assistance of counsel claim.

### B.  The *Res Gestae* Witness

As a related claim, Petitioner alleges that he was deprived of a fair trial because the prosecution failed to call James Lloyd as a *res gestae* witness.  (Pet.'s Mot. at 2.) The court ruled that Petitioner was not entitled to habeas relief on a claim that the prosecutor failed to call a *res gestae* witnesses because federal law does not require the production of *res gestae* witnesses in a state court criminal trial, unless that witness could provide exculpatory testimony for the petitioner.  (8/31/06 Order at 6, citing *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 601 (E.D. Mich. 2001).)  Because a federal habeas court has no jurisdiction to grant relief on a violation of state law, the court will not grant a certificate of appealability on this claim. *See Stringer v. Williams*, 161 F. 3d 259, 261 (5th Cir. 1998).

The court acknowledged in its opinion and order that the Due Process Clause requires the state to disclose exculpatory evidence to the defense.  (8/31/06 Order at 6-7, citing *Brady v. Maryland,* 373 U.S. 83 (1963).)  The court concluded, for reasons stated in greater detail in its opinion and order, that Lloyd's testimony would not have been material to this defense, and that Petitioner's *Brady* claim thus lacked merit.  (*Id.* at 6-7.)

A habeas petitioner is entitled to a certificate of appealability on a *Brady* claim where the district court considers the issue to be a "close call."  *See Tankleff v. Senkowski,* 135 F. 3d 235, 242 (2nd Cir. 1998).  In this case, however, Petitioner is not entitled to a certificate of appealability on any *Brady* claim, because he has failed to show that reasonable jurists would find this court's assessment of any possible *Brady*

claim to be debatable or wrong. *Swisher v. True,* 325 F. 3d 225, 233 (4th Cir. 2003).

### C. Sufficiency of the Evidence

Petitioner lastly contends that there was insufficient evidence of premeditation and deliberation to support his conviction for first-degree murder. The court concluded, for reasons stated in greater detail in its original order, it was reasonable for the Michigan Court of Appeals to determine that a rational trier of fact could have found the elements of the crime of first-degree murder. (8/31/06 Order at 8-11.) The court's conclusion, in light of the evidence that was presented in this case, would not be debatable among reasonable jurists, and Petitioner is therefore not entitled to a certificate of appealability on this claim. *See Williams v. Puckett,* 283 F.3d 272, 277-78 (5th Cir. 2002).

### III. CONCLUSION

IT IS ORDERED that the Petitioner's "Motion For Certificate of Appealability" [Dkt. # 21] is DENIED.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: October 12, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 12, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522